CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
RHa
JUL 24 2009
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADAM CASEY,<br>    Plaintiff, | Civil Action No. 7:09-cv-00298 |
| v. | **MEMORANDUM OPINION** |
| RONALD LEWIS NAPIER, <u>et al.</u>,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Adam Casey, a federal prisoner proceeding <u>pro se</u>, filed a civil rights complaint, pursuant to 42 U.S.C. §§ 1983, 1985 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Ronald Lewis Napier, a judge for the Warren County Juvenile and Domestic Relations District ("JDR") Court; Linda M. Beatty, Clerk of the Warren County JDR Court; and Thomas H. Sayer, a Guardian Ad Litem for plaintiff's infant daughter. Plaintiff alleges that the defendants conspired to frustrate plaintiff's access to the courts. After reviewing plaintiff's submissions, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1)-(2).

I.

Plaintiff alleges the following facts. On May 21, 2008, plaintiff's daughter, Destiny, was twenty-three months old, and the Warren County Juvenile and Domestic Relations court held a hearing about Destiny's medical condition. (Compl. 5.) Judge Napier presided over the hearing and ordered Destiny's mother to take Destiny to a hospital to obtain a second opinion about her condition. Plaintiff should have promptly received copies of any resulting medical opinion.

Plaintiff called attorney Sayer and informed him that the mother had not yet sought the medical opinion. The mother subsequently scheduled an appointment, but she did not appear for it. (<u>Id.</u> 6.) When plaintiff discovered this omission, he mailed a "motion to compel" to the Clerk

of the JDR Court. An employee of the JDR Court signed for the motion's postal delivery. JDR Court staff told plaintiff that the motion would be filed in the case. Plaintiff called the JDR Clerk's office to follow-up on the motion and ultimately spoke with defendant Beatty. Beatty checked the case docket and read plaintiff a letter that Sayer filed that was supposed to be sent to plaintiff. Plaintiff "asked about the [m]otion again," and Beatty replied that "there was no reason to file the [m]otion." (Id. 7.) Beatty also said that she gave the motion to Judge Napier weeks ago. "The conversation then got emotional with raised voices and . . . Plaintiff stated that [Beatty] did not take her job seriously. . . ." (Id.) Beatty terminated the phone call.

Plaintiff alleges that the defendants conspired to deny him of his constitutional right to due process and access the court. (Id. 8.) Plaintiff requests $80,000 in compensatory and punitive damages from each defendant.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than

2

labels and conclusions. . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). In order to state a claim under § 1985(3), a plaintiff must allege and prove the following four elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.1995). Moreover, a plaintiff must show an agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights. Id. at 1377. Conclusory allegations of a conspiracy are insufficient to state a claim. Id.

However, it is well-settled that a judge is "absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)). "[J]udges of courts of superior or general

3

jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id.

It is also well-recognized that judicial immunity also applies to quasi-judicial officers and other public officials acting pursuant to a court directive. See Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969). The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as clerks because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts. . . .'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992). See McCray v. Maryland, 456 F.2d 1, 5 n.11 (4th Cir. 1972) (holding that clerks have "derivative immunity" when they act under the court's direction). See also Pink v. Lester, 52 F.3d 73 (4th Cir. 1995); Ashbrook v. Hoffman, 617 F.2d 474, (7th Cir. 1980) (collecting cases on immunity of court support personnel). Moreover, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender).

Plaintiff is unable to recover from the defendants. Plaintiff establishes that the judicial officers acted within their jurisdiction by holding a hearing and routing court documents.

4

Whether Sayer was court-appointed also does not convert his representation as under color of state law. Therefore, plaintiff seeks damages from two defendants who are immune from damages and from an attorney who did not act under color of state law.[1] Accordingly, I dismiss plaintiff's complaint for failing to state a claim against Sayer upon which relief may be granted and because Napier and Beatty are immune from damages.

III.

For the foregoing reasons, I dismiss the complaint for failing to state a claim upon which relief may be granted and for seeking relief from defendants who are immune from damages, pursuant to 28 U.S.C. § 1915A(b)(1)-(2).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 24th day of July, 2009.

Senior United States District Judge

---

[1] Even if plaintiff named different defendants, he has a constitutional right to access the courts for only direct appeals, habeas petitions, and civil rights complaints. See Lewis v. Casey, 518 U.S. 343, 354 (1996). Moreover, plaintiff fails to establish any agreement among the defendants to violate plaintiff's constitutional rights.